UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:13-cv-00743-SEB-DKL |
| ) | |
| ELONIA GARCIA, ) | |
| BLY, INC., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This cause is before the Court on Plaintiff's motion for default judgment. [Dkt. No. 22]. Defendants have not responded and the time for doing so has now passed. The Court GRANTS the motion for the reasons set forth below.

**Standard**

Following entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks." *J&J Sports Productions, Inc., v. The Old School Way, LLC*, No. 15-c-449, 2015 WL 4623598, at *1 (E.D. Wisc. July 30, 2015) (citing *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Therefore, on proper application by a party for entry of default judgment, the court must conduct an inquiry to ascertain the amount of damages with "reasonable certainty." *Id*.

**Background**

Plaintiff J&J Sports Productions, Inc. ("J&J") purchased the proprietary rights to distribute *Manny Pacquiao v. Shane Mosley, WBO World Welterweight Championship Fight Program*, which was telecast nationwide on Saturday, May 7, 2011 (the "Fight"). After purchasing the rights to the Fight, J&J entered into sublicensing agreements with various commercial establishments (e.g., hotels, racetracks, casinos, taverns, bars, restaurants, social clubs) to permit public exhibition of the Fight. Transmission of the Fight was encrypted and made available only to those commercial locations that paid J&J the requisite license fees to show the Fight.

Defendant Elonia Garcia is an officer of Defendant Bly, Inc., which owns and operates El Rey Del Taco Mexican Restaurant ("El Rey Del Taco") located at 4040 North High School Road, Indianapolis, Indiana 46254. Elonia Garcia is also identified on the liquor license issued for El Rey Del Taco. On May 7, 2011 (the night of the Fight), Elonia Garcia had the right and ability to supervise the activities of El Rey Del Taco, including the unlawful interception of the Fight's transmission.

Private investigator Thomas G. Newgent entered El Rey Del Taco at 12:04 a.m. on Sunday, May 8, 2011. Once inside, Newgent observed a small crowd of 35-37 people seated at tables and moving about the premises which had a maximum capacity of 75 people. He observed four wall-mounted flat screen televisions in the dining area which were displaying a Showtime pay-per-view boxing match that he identified as the fight between Pacquiao and Mosley. Newgent exited El Taco Torro at 12:10 a.m. He did not

observe any flyers or posters in the premises or outside that advertised the Fight.

Subsequently, J&J filed this suit against the Defendants, asserting claims for violations of the Communications Act of 1934, 47 U.S.C. §§ 553 and 605, and for state law conversion. J&J then served Defendants with a summons and the complaint on July 17, 2013. The Defendants have not appeared or responded to J&J's Complaint. On January 26, 2015, the Clerk entered default against the Defendants.

J&J now seeks entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b).[1] J&J seeks damages in the amount of $14,561.50. Viewing this request by its component amounts, J&J seeks $4,200.00 in statutory damages; $8,400.00 in enhanced damages; $439.00 in costs; and $1,522.50 in attorneys' fees.

## Discussion

J&J's suit is based on 47 U.S.C. §§ 553 and 605. "[T]he interception of cable television programming as it travels through the air is to be governed by § 605, while the interception of cable television programming traveling over a cable network (and specifically, the manufacture and distribution of decoder boxes) is to be governed by § 553(a)." *United States v. Norris,* 88 F.3d 462, 468 (7th Cir. 1996). Based on its request for costs and attorneys' fees pursuant to § 605, it appears to us that J&J has chosen to proceed under § 605 and we accept that choice. *See J&J Sports Prods., Inc. v. Gonzales*, 2013 WL 4777209, *2 (S.D. Ind. Sept. 5, 2013) (citing *J&J Sports Prods.*

---

[1] J&J has filed the requisite affidavit of non-military service. [Dkt. No. 18-1.]

*v. Aguilera*, 2010 WL 2362189 (N.D. Ill. 2010) ("[A]lthough the precise means of transmission has not been determined, under the circumstances of this case, where Plaintiff was deprived of the opportunity to conduct discovery regarding the transmission at issue because of Defendants' failure to appear or defend in this action, Plaintiff should not suffer the resulting prejudice.")).

Under § 605(e)(3)(C)(i) a claimant may elect actual damages or statutory damages. Statutory damages for each violation of § 605 range from $1,000 to $10,000; the amount awarded is based on the court's discretion to arrive at a just amount to compensate for the violation. In addition, enhanced damages are available where the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain. 47 U.S.C. § 605(e)(3)(C)(ii). In such cases, the court may use its discretion to increase the award of damages by an amount of not more than $100,000 for each violation.[2]

Plaintiff requests actual damages in the amount of $4,200.00, to wit, the amount Defendants would have been charged to purchase the rights to televise the Fight. We find this amount to be reasonable and supported by the evidence.

---

[2] Likewise, under § 553(c)(3)(A), a claimant may elect actual or statutory damages. Statutory damages for each violation of § 553 range from $250 to $10,000; the amount awarded is based on the court's discretion to arrive at a just amount to compensate for the violation. 47 U.S.C. § 553(c)(3)(A)(ii). In addition, enhanced damages are available where the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain. 47 U.S.C. § 553(c)(3)(B). However, under § 553, the upper limit for an increase in damages that a court may award in its discretion is $50,000 for each violation. *Id.*

J&J also requests enhanced damages in the amount of $8,400.00.[3] J&J calculates this amount by multiplying the amount Defendants would have paid to legitimately purchase the program ($4,200.00) by a factor of two to account for El Taco Torro's maximum capacity (75 people). Courts have considered several factors when determining whether and how much enhanced damages are appropriate, including: "(1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's significant actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event." *Gonzalez*, 2013 WL 4777209, *3 (quoting *Aguilera,* 2010 WL 2362189). Courts also consider "the deterrent effect of the award, with an eye toward imposing an award that is substantial enough to discourage future lawless conduct, but not so severe that it seriously impairs the viability of the defendant's business (at least for a first offense)." *Id.*

J&J provided evidence that the interception of the Fight was intentional, to wit, Defendants could not have accidentally or innocently intercepted the signal. [Affidavit of Joseph M. Gagliardi, President of J&J at ¶ 9.] Based on this evidence, we conclude that Defendants violation of § 605 was willful; however, insufficient evidence exists to find that Defendants' violation of § 605 was done "for purposes of direct or indirect commercial advantage or private financial gain." *See* 47 U.S.C. § 605(e)(3)(C)(ii).

---

[3] J&J does not seek damages for its state law conversion claim. In any event, it is unlikely that J&J could recover for its conversion claim while also recovering damages under 47 U.S.C. § 553 or § 605 under these circumstances because additional damages would constitute a double recovery. *Gonzalez*, 2013 WL 4777209, *4 (citations omitted).

There is no evidence before us that Defendants are repeat offenders, nor is there any evidence that Defendants experienced any monetary gain from showing the Fight. The evidence shows that Defendants did not advertise that the Fight would be televised at El Taco Torro, did not charge a cover charge for admission, and its exhibition of the Fight reached an audience of only 35-37 people. J&J's actual damages here are a relatively small sum: $4,200.00. In these circumstances, an award of enhanced damages is not appropriate. *See Turrubiartes*, 20013 WL 3878740, at *2 (S.D. Ind. July 26, 2013) (holding that enhanced damages were not appropriate under similar circumstances); *but c.f. Gonzalez*, 2013 WL 4777209, at *3-4 (awarding $10,000 in enhanced damages where statutory damages of $10,000 were awarded, the program was broadcast to 100-150 people and the court believed a deterrent to defendant and other potential offenders was necessary) (collecting cases).

J&J seeks its attorneys' fees ($1,522.50) and costs ($439.00) pursuant to § 605(e)(3)(B)(iii) (The court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."). We find J&J's costs and attorneys' fees to be reasonable and supported by the evidence.

For the reasons set forth above, the Court **GRANTS** J&J's motion for default judgment and awards J&J the amount of $6,161.50. Judgment will be entered accordingly.

SO ORDERED:

Date: 8/24/2016

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charlie William Gordon
GREENE & COOPER PSC
cgordon@greenecooper.com